# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MICHAEL A. COOK, | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 1:14-cv-1005-WTL-TAB |
| | ) | 1:10-cr-59-WTL-KPF-1 |
| UNITED STATES OF AMERICA. | ) | |

## Entry Denying Motion for Relief Pursuant to 28 U.S.C. § 2255 and Denying Certificate of Appealability

For the reasons explained in this Entry, the motion of Michael A. Cook ("Mr. Cook") for relief pursuant to 28 U.S.C. § 2255 must be **denied** and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

## I. The § 2255 Motion

*Background*

On April 6, 2010, Mr. Cook was charged in an Indictment with one count of possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) in 1:10-cr-0059-WTL-KPF-1.

On January 5, 2011, Mr. Cook filed a petition to enter a plea of guilty and a plea agreement pursuant to Rule 11(c)(1)(C) of the *Federal Rules of Criminal Procedure*. On March 30, 2011, the Court conducted a hearing on Mr. Cook's petition to enter a plea of guilty. At the hearing, the Court advised Mr. Cook of his rights and heard the factual basis for the plea. The Court determined that Mr. Cook was competent to enter a plea of guilty and his plea was knowingly and willingly made. The Court accepted Mr. Cook's plea of guilty and adjudged him guilty as charged.

A sentencing hearing was held on the same day. The Court sentenced Mr. Cook to a term of 180 months in prison, to be followed by three years of supervised release. Judgment was entered on the docket on May 4, 2011.

Complying with the terms of the plea agreement, Mr. Cook did not appeal his conviction or sentence. On June 16, 2014, Mr. Cook filed this motion for relief pursuant to 28 U.S.C. § 2255. He signed that motion and placed it in the prison mail system on June 12, 2014.

*Discussion*

A motion pursuant to 28 U.S.C. ▪ 2255 is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States*, 417 U.S. 333, 343 (1974). In his § 2255 motion, Mr. Cook asserts that his sentence is illegal because one of his three prior convictions should not have qualified him as an Armed Career Criminal. He argues that under *Descamps v. United States,* 133 S.Ct. 2276 (2013), the Indiana statute for burglary is overbroad because it defines building or structure and does not require unlawful entry. The United States argues that Mr. Cook's § 2255 motion is time-barred and also barred by the waiver of post-conviction relief rights found in the written plea agreement.

*Statute of Limitations*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations period for § 2255 motions. 28 U.S.C. § 2255(f). For purposes of § 2255(f)(1), that period runs from "the date on which the judgment of conviction becomes final." *Id.* A judgment of conviction becomes final when the conviction is affirmed on direct review or when the time for perfecting an appeal expires. *Clay v. United States,* 537 U.S. 522, 527 (2003). As noted, the judgment of conviction was entered on the clerk's docket on May 4, 2011. Mr. Cook's conviction became final on May 18, 2011. Using the one-year period from the date on

which the judgment of conviction became final, Mr. Cook's present motion would have to have been filed by May 18, 2012, to be timely. Applying the prison mailbox rule, *see Houston v. Lack,* 487 U.S. 266, 271 (1988), Mr. Cook's § 2255 motion can be considered to have been filed on the date he placed the motion in the prison mail system, which was June 12, 2014. That date was more than two years after the § 2255(f)(1) statute of limitations period expired. Mr. Cook's motion is time barred, unless he argues that another provision of § 2255(f) applies.

Mr. Cook acknowledges that his § 2255 motion was not timely filed under § 2255(f)(1). He argues instead that § 2255(f)(3) applies. That subsection provides that the one year limitation runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

Mr. Cook argues that his motion is timely under § 2255(f)(3) because *Descamps v. United States*, 133 S.Ct. 2276 (2013), decided on June 20, 2013, created a newly recognized right which has been made retroactively applicable on collateral review. The *Descamps* decision provides Mr. Cook no basis for relief, however, because the Supreme Court has not made *Descamps* retroactive on collateral review. *Groves v. United States,* 755 F.3d 588, 593 (7th Cir. 2014); *see also In re Jackson,* 776 F.3d 292, 296 (5th Cir. 2015) ("Nothing in *Descamps* indicates that its holding announced a new rule that was constitutionally based, and *Descamps* did not announce that its holding applied retroactively to cases on collateral review."). As noted by the government, the change in law regarding what offenses qualified as "violent felony" prior convictions for purposes of the Armed Career Criminal Act originated with *Begay v. United States,* 553 U.S. 137 (2008) and *Chambers v. United States,* 555 U.S. 122 (2009), both of which were decided before Mr. Cook was charged.

"The law is full of deadlines, and delay can lead to forfeiture." *Gross v. Town of Cicero, Illinois,* 528 F.3d 498, 500 (7th Cir. 2008). In this case, the deadline to file a motion pursuant to 28 U.S.C. § 2255 passed long before Mr. Cook filed his motion. Mr. Cook's § 2255 motion is time-barred.

*Waiver*

The United States also argues that Mr. Cook's § 2255 motion is barred by the waiver of post-conviction relief rights found in the written plea agreement.

The plea agreement provided that Mr. Cook agreed to a sentence of 180 months imprisonment to be followed by a term of supervised release of three years. Plea Agreement ¶ 4. The matter of any fine was left to the discretion of the Court. *Id*. In exchange for the concessions made by the government, Mr. Cook "expressly waives his right to appeal his conviction and sentence imposed in this case on any ground, . . . [and] also waives his right to contest his sentence and the manner in which it was determined in any post-conviction proceeding, including, but not limited to, a proceeding under Title 28, United States Code, Section 2255, as long as the Court accepts the Rule 11(c)(1)(C) plea …." Plea Agreement ¶ 7.

The Seventh Circuit has recognized the validity of waivers such as that included in the plea agreement in this case. "A defendant may validly waive both his right to a direct appeal and his right to collateral review under § 2255 as part of his plea agreement." *Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011). Such waivers are upheld and enforced with limited exceptions in cases in which 1) "the plea agreement was involuntary," 2) "the district court relied on a constitutionally impermissible factor (such as race)," 3) "the sentence exceeded the statutory maximum," or 4) the defendant claims ineffective assistance of counsel in relation to the negotiation of the plea agreement. *Id.* (internal quotations omitted); *see also Mason v. United*

*States*, 211 F.3d 1065, 1069 (7th Cir. 2000) (because the ineffective assistance of counsel challenge relating to sentencing had nothing to do with the issue of deficient negotiation of the waiver, the petitioner waived his right to seek post-conviction relief); *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999) ("waivers are enforceable as a general rule; the right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver").

In *Mason,* 211 F.3d at 1069, the court suggested the following analysis in determining whether a claim has been waived: "[C]an the petitioner establish that the waiver was not knowingly or voluntarily made, and/or can he demonstrate ineffective assistance of counsel with respect to the negotiation of the waiver?" *Id.* Mr. Cook challenges his sentence and the manner in which it was determined. He concedes that he brings no ineffective assistance of counsel claim.

Mr. Cook has not shown that his plea agreement was not knowingly and voluntarily made. In addition, he has not asserted or shown any ineffective assistance of counsel with respect to the plea agreement.

"We have repeatedly held that a voluntary and knowing waiver of an appeal [and § 2255 challenge] is valid and must be enforced." *United States v. Sakellarion*, 649 F.3d 634, 638 (7th Cir. 2011) (internal quotation omitted). "The presumption of verity [of a defendant's statements in pleading guilty] is overcome only if the defendant satisfies a heavy burden of persuasion." *United States v. Logan*, 244 F.3d 553, 558 (7th Cir. 2001) (internal quotation omitted). Mr. Cook has not met that burden.

Accordingly, the waiver provision is valid and will be enforced. Mr. Cook's § 2255 motion is barred by the waiver provision of his plea agreement.

*Conclusion*

The foregoing circumstances show that Mr. Cook is not entitled to relief pursuant to 28 U.S.C. § 2255. The motion for relief pursuant to § 2255 is therefore **denied**. Judgment consistent with this Entry shall now issue.

**This Entry and the accompanying Judgment shall also be entered on the docket in the underlying criminal action, No. 1:10-cr-0059-WTL-KPF-1.**

## II. Certificate of Appealability

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2255 Proceedings*, and 28 U.S.C. § 2253(c), the Court finds that Mr. Cook has failed to show that reasonable jurists would find it "debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability.

**IT IS SO ORDERED.**

Date: 3/17/15

*/s/ William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Electronically registered counsel

Michael A. Cook, No. 09822-028, Terre Haute – FCI, Inmate Mail/Parcels, P.O. Box 33, Terre Haute, IN 47808

NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.